FILED

2005 Nov-30  PM 02:54
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

MICHAEL H. HOLLAND, et al.,           )
                                      )
                  Plaintiffs,         )
                                      )       CASE NO.:
v.                                    )
                                      )       CV-02-AR-2552-J
G & J TRUCKING, INC., et al.,         )
                                      )
                  Defendants.         )

## MEMORANDUM OF OPINION

This case comes before the court on the Plaintiffs' Motion for Summary Judgment  (Doc. #23), the Magistrate Judge's Report and Recommendation, and the Plaintiff's objections thereto.

Defendant G & J Trucking Co., Inc. concedes that summary judgment should be entered against it.   Accordingly, Summary Judgment will be granted as to the Plaintiffs and against Defendant G & J Trucking Co., Inc.

As to Defendant Gary W. Walters, P.C., the Plaintiffs argued as follows:

> Since Gary Walters owned 100% of the shares of G & J Trucking and Walters P.C. on July 20, 1992, the defendants are members of a brother-sister controlled group under section 1563(a)(2) and section 52(a) of the Internal Revenue Code.  Based on the above, the defendants are jointly and severally liable for the monthly per beneficiary premiums of the beneficiaries attributed to G & J Trucking.

*Memorandum in Support of Motion for Summary Judgment*, at 11 (internal citations omitted).  The Magistrate stated that the evidence, when viewed in the light most favorable to the Plaintiffs, establishes that Gary Walters owned only 50% of the stock in G & J Trucking Co. on July 20, 1992, *Walters Affidavit*, at 1-2, and, accordingly, that there is a genuine issue of material fact which precludes granting the plaintiffs judgment as a matter of law.  *Fed. R. Civ. P. 56.*

The court adopts the Magistrate's report and recommendation and makes its findings and

conclusions the court's own. The court will also address the Plaintiffs' objections.  First, the Plaintiffs contend that "in seeking to reverse an earlier admission, Mr. Walters made a contrary representation in his Affidavit, which was favorable to his company, Defendant Gary W. Walters P.C." *Objection to Report and Recommendation*, at 5. However, the Plaintiffs cite the Court to no contrary representation made by Gary Walters.  Instead, they cite to paragraph 4 of Gary W. Walters, P.C.'s Response to Interrogatories where that Defendant states, through the sworn signature of Gary Walters, that Gary W. Walters has a 100% ownership interest in *Gary W. Walters, P.C.* (not G & J Trucking). This paragraph does not contradict the affidavit of Mr. Walters in any way.

The Plaintiffs also cite to paragraph 3 of the G & J Trucking, Inc.'s Response to Interrogatories where that Defendant states, "In 1992 corporation bought Gardner and Faught's shares back as treasury stock.  Gary Walters was the sole shareholder."  The answers are signed under oath by Bryan M. Walters.  This paragraph was not sworn to or supplied by Gary Walters.  To the extent the affidavit does conflict, therefore, it does not conflict with Gary Walters's responses to discovery or his sworn testimony. Further still, the evidence supplied in the answers to the Interrogatories themselves do not supply evidence sufficient to eliminate a genuine issue of material fact.  Viewing the evidence in the light most favorable to the non-movant, which this Court must, the Interrogatory answer merely creates the presumption that Gary Walters was 100% shareholder *at some point in 1992*– not the pivotal date of July 20, 1992.  The affidavit does not conflict and is not due to be stricken. As to the purported irregularities in the stock certificates, which the Plaintiff cites as further evidence of the Mr. Walters's fraud, such issues are fact questions for the trier of fact.

Wherefore, the plaintiff's motion for summary judgment is due to be denied as to defendant Gary W. Walters, P.C.   An appropriate order will be entered.

2

**DONE** this 30th day of November, 2005.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE